(March 17, 1923.)

JOSEPH THOMPSON, Plaintiff, v. RALPH W. ADAIR, Judge of the District Court of the Sixth Judicial District, for the County of Butte, Defendant.

[214 Pac. 214.]

CRIMINAL PROCEDURE—INFORMATION QUASHED—RESUBMISSION—PROCEDURE IN MAGISTRATE'S COURT—NOT A NEW PROCEEDING—EFFECT ON BAIL—WRIT OF PROHIBITION—WHEN NOT ALLOWED.

1. Where an information is quashed under C. S., sec. 8863, and "the prosecuting attorney is ordered to resubmit said matter according to law," under the provisions of C. S., sec. 8865, the defendant, if in custody, must so remain, unless he is admitted to bail; or if admitted to bail, or money is deposited instead thereof, the bail or money is answerable for his appearance to answer a new information, under the provisions of C. S., sec. 8866.

2. If the information be quashed by reason of defects in such instrument, the district court may direct a new one to be filed in that court; but if such defects arise by reason of irregularities in the preliminary proceedings, the cause should be remanded to the magistrate's court for correction of such errors.

3. Upon being so remanded, proceedings may be had *de novo* to the extent of filing a new complaint and again taking the testimony, if the offense charged be the same. Such proceedings do not constitute a new action and the defendant, if in custody, so remains, or if he has been admitted to bail, it is still answerable for his appearance.

4. It is not necessary upon resubmission that a new warrant of arrest be issued, or that a new arrest be made, or new bail given; but if any or all of these things are done, it does not constitute a new action or vitiate the former bail, or violate the

district court's order of resubmission, or deprive such court of jurisdiction after a recommitment.

5. ·Where the affidavit for a writ of prohibition or for any of the extraordinary writs, is made to this court which presents a question that may be heard and determined upon an appeal from a final judgment in the cause, this court will not ordinarily entertain jurisdiction in such special proceedings, unless it clearly appears that the remedy at law is so inadequate as to result in a denial of substantial justice.

Original proceedings for Writ of Mandate. Writ *denied.*

Whitcomb, Cowen & Clark, for Plaintiff.

The first proceedings against petitioner are still pending on the order of the court to resubmit the same, under the provisions of C. S., secs. 8865 and 8866, and the second proceedings commenced Mar. 23, 1922, were not commenced in the mode prescribed by law, and neither the probate court nor the district court, in which the second proceedings are pending, had or have any jurisdiction to try petitioner. (*State v. Raaf,* 16 Ida. 411, at 417, 101 Pac. 747.)

A. H. Conner, Attorney General, J. G. Martin and E. J. Dockery, for Defendant.

When a trial court's jurisdiction is questioned it is for that court to pass upon the question of its jurisdiction. Otherwise the mere raising of the question would *ipso facto* disqualify the court from acting. The court might be in error in taking jurisdiction, but that would not justify applying for a writ of prohibition. That error would be correctable by appeal. (*State ex rel. Missouri Pac. R. Co. v. Seay,* 23 Mo. App. 623; *Olden v. Paxton,* 27 Ida. 597, 150 Pac. 40.)

The fact that a trial will be expensive and troublesome will not justify the writ. (*Lindley v. Superior Court,* 141 Cal.

Publisher's Note.

5. Prohibition as process for review and correction of errors, see notes in 1 Ann. Cas. 713; Ann. Cas. 1913D, 593.

220, 74 Pac. 765; *Blackwell Lumber Co. v. Flynn,* 27 Ida.
632, 150 Pac. 42; *Richardson v. Ruddy,* 15 Ida. 488, 98 Pac.
842; *Wayne v. Allspach,* 20 Ida. 144, 116 Pac. 1033; *In re
Hatch,* 9 Cal. App. 333, 99 Pac. 398; *Zinn v. District Court,*
17 N. D. 128, 114 N. W. 475; *State v. Roberts,* 33 Ida. 96,
178 Pac. 80; *Willman v. District Court,* 4 Ida. 11, 35 Pac.
692; *Fraser v. Davis,* 29 Ida. 70, 156 Pac. 913; *Little v.
Broxon,* 30 Ida. 303, 170 Pac. 918; *Natatorium Co. v. Erb,*
34 Ida. 209, 200 Pac. 348.)

WILLIAM A. LEE, J.—This is an original proceeding in
this court, praying that a writ of prohibition be issued,
directed to the Honorable Ralph W. Adair, as judge of the
district court of the sixth judicial district, in and for the
county of Butte, to restrain and prohibit said judge from
proceeding to try the petitioner upon an information filed
by the prosecuting attorney of such county, charging him
with having committed a public offense. An alternative
writ was issued, to which the defendant makes return by
motion to quash, on the ground that it does not state facts
sufficient to constitute a cause of action, nor to entitle
petitioner to the relief prayed for, or any relief.

It appears that on December 21, 1921, a criminal com-
plaint was filed in the probate court of Butte county, charg-
ing plaintiff herein with having committed a public offense,
and a warrant of arrest was issued thereon; that he was
arrested and brought before said examining magistrate, and
after examination was committed to answer said charge in
the district court; that on the 21st day of March, 1922, the
prosecuting attorney of Butte county filed an information
against plaintiff, which was set aside for some irregularity
in the proceedings, the character of which does not appear,
the order in part being: " . . . . on the motion to quash the
information on file against the said defendant. Motion
granted by the Court and the prosecuting attorney ordered
to re-submit said matter in accordance with law."

Thereafter the cause was remanded to said examining
magistrate, and a new complaint was filed against defendant,

plaintiff herein, on March 23, 1922, which charged the same offense for which he had been previously held in the former proceedings before said magistrate. A new warrant was issued thereon and he was taken into custody, and in order to secure his release was required to give a new bail bond. On March 24th thereafter he was examined by said committing magistrate, over his objection that the proceeding was not in accordance with the order of resubmission of the district court, and after such examination he was held to answer this charge in the district court. On the 5th day of September thereafter another information was filed against him upon the same charge upon which he had been last examined on the 24th of March preceding, and upon the filing of this second information he moved to quash the same, which motion was denied. Thereupon this proceeding was commenced to prohibit and restrain said trial judge from proceeding to try petitioner upon said last-mentioned information or proceeding further in said action, upon the ground that all proceedings had after the order of resubmission are void and in violation of C. S., secs. 8865 and 8866, and contrary to the order of resubmission; that the said committing magistrate was without jurisdiction to issue said warrant or to examine petitioner or commit him; that said prosecuting attorney of Butte county was without authority in law to file an information in said district court based upon the second preliminary examination and order of commitment; that the judge of the district court is without jurisdiction to try said petitioner upon the information filed in said district court September 5, 1922; and that the petitioner is without any plain, speedy or adequate remedy at law.

Waiving for the time the question as to whether the petitioner is without a plain, speedy or adequate remedy at law, to such an extent that this court should entertain jurisdiction to hear and determine the questions here presented on merit, it may be well to say that the questions here presented are such as might have been presented by the plaintiff upon an appeal from an adverse judgment against him,

had the trial court proceeded to final judgment, and it is the rule of this court that it will not ordinarily entertain jurisdiction in this class of proceedings unless the record shows that to refuse the writ will amount to a denial of substantial justice. It does not here appear that such a result would follow its denial. However, in view of the fact that an alternative writ has been allowed upon an affidavit which raises a question as to the correct procedure in a criminal case under sections of the statute which are somewhat ambiguous, and which trial courts are frequently called upon to construe, we deem it advisable to determine this case upon merit and indicate our views as to the proper procedure under the sections of the statute involved.

C. S., sec. 8865, provides that when a motion is made to set aside an indictment:

"The motion must be heard at the time it is made, unless for cause the court postpones the hearing to another time. If the motion is denied, the defendant must immediately answer the indictment, either by demurring or pleading thereto. If the motion is granted, the court must order that the defendant, if in custody, be discharged therefrom; or, if admitted to bail, that his bail be exonerated; or, if he has deposited money instead of bail, that the same be refunded to him, unless it directs that the case be resubmitted to the same or another grand jury."

C. S., sec. 8866, reads:

"If the court directs the case to be resubmitted, the defendant, if already in custody, must so remain, unless he is admitted to bail; or, if already admitted to bail, or money has been deposited instead thereof, the bail or money is answerable for the appearance of the defendant to answer a new indictment; and, unless a new indictment is found before the next grand jury of the county is discharged, the court must, on the discharge of such grand jury, make the order prescribed by the preceding section."

C. S., secs. 8865 and 8866, are more nearly analogous to Compiled Laws of Utah (1917), secs. 8881 and 8882, and the Revised Codes of Montana (1921), secs. 11893 and 11894,

than the corresponding sections of other jurisdictions. The statutes of Utah and Montana have amended these sections so as to make them expressly conform to the procedure by information as well as indictment; otherwise they are in legal effect the same as the Idaho provision, but they have not been construed by the courts of either of said states. However, it is apparent from the adjudicated cases under the somewhat similar provisions of California Penal Code, secs. 997 and 998, and Compiled Laws of North Dakota (1913), secs. 10730 and 10731, that where the proceedings before the magistrate have been regular and the commitment properly made, and the information in the trial court filed by the public prosecutor after such commitment is defective, the court may direct the prosecutor to file a new information in that court without resubmitting the cause to the examining magistrate; but where the irregularity or defect in the proceedings is of a substantial character, and goes to the proceedings had before the magistrate, the trial court should direct that the case be remanded to such magistrate for the taking of such steps as may be required to correct the error made by the committing magistrate, where the trial court deems the proceedings on the preliminary hearing insufficient.

It does not appear from this record where the alleged irregularities upon which the motion to quash the first information was based did occur, but it may be assumed that they related to the original proceedings had before the magistrate. We do not regard this as material, for in quashing the information the court directed that the case be resubmitted in accordance with law. In an attempt to comply with this order, a new complaint was filed before the magistrate and a hearing had thereon, and the defendant, petitioner herein, was again held to answer to the district court for the same offense charged in the original complaint. Petitioner contends that because a new complaint was filed before the magistrate upon this order of resubmission, a new arrest made, a new hearing had, and a new commitment made, this was in effect such new proceedings

that it did not conform to the order of the court and left the proceedings *in statu quo;* that the whole proceedings are null and void, and that any information based thereon is void; that such proceedings do not confer upon the trial court jurisdiction to try the defendant for such offense; and also that the proceedings upon which the first commitment was had remain in full force and effect, upon which a subsequent prosecution may be had.

If we correctly understand petitioner's position, it is that upon a criminal information being quashed for any irregularity occurring prior to its being filed in the district court, upon an order of resubmission a new complaint before the magistrate may not be filed, nor may the testimony again be taken, but such subsequent proceedings must be limited to amending the original proceedings had. We are of the opinion that this contention should not be sustained, but that where an information is quashed and the cause is ordered resubmitted, if the defendant is in custody, he must so remain; if he has been admitted to bail, or money has been deposited instead thereof, the bail or money is answerable for his appearance in all subsequent proceedings that may be taken to correct the errors previously made, although the proceedings before the magistrate be had *de novo,* even to the extent of filing a new complaint and again taking the testimony. It appears in this case that the magistrate issued a new warrant of arrest, by virtue of which defendant was again arrested and again required to give bail for his appearance to answer the charge against him before the district court. We think that the arrest and subsequent demand for new bail was unnecessary, for the reason that under the statute his former bail was still bound for his appearance at every stage of the proceedings, but that the taking of a new bail bond in no manner vitiated the one that he had previously given, and that neither the filing of a new complaint, the retaking of the testimony nor the requirement of a new bail bond, which was not warranted under the circumstances, the offense charged having remained

the same, operated to make these second proceedings a new, separate and distinct transaction, but that it was an authorized continuation of the original proceedings, and in accordance with the court's order of resubmission.

It follows that the alternative writ should be denied and the proceedings dismissed, and it is so ordered, with costs to the defendant.

Budge, C. J., and McCarthy and Dunn, JJ., concur.