STATE, RESPONDENT, *v.* CROUCH, APPELLANT.

(No. 5,443.)

(Submitted May 22, 1924. Decided June 3, 1924.)

[227 Pac. 818.]

*County Attorney—Deputies—Authority—Filing Informations.*

County Attorney—Deputy—Appointment to Serve Without Compensation Valid.
1.   Under sections 420 and 4731, Revised Codes of 1921, *held* that a county attorney may appoint a deputy to serve without compensation and that such deputy may legally act in the name of his principal in the filing of informations and the prosecution of criminal actions.

---

*Resigned August 30, 1924.
†Appointed August 20, 1924, to serve unexpired term of ASSOCIATE JUSTICE COOPER, resigned.

(551)

[70 Mont. 551.]

Public Officers—Authority of Deputy.
   2.   Where a public officer is authorized to appoint a deputy, the authority of the latter, unless otherwise limited, is commensurate with that of the appointing officer, and any act which the latter might do, the deputy may also do, under section 418, Revised Codes.

*Appeal from District Court, Pondera County; John J. Greene, Judge.*

G. T. CROUCH was convicted of violating the prohibition law and appeals. Affirmed.

*Mr. W. F. O'Leary* and *Mr. W. E. Arnot,* for Appellant, submitted a brief.

*Mr. Wellington D. Rankin,* Attorney General, and *Mr. L. V. Ketter,* Assistant Attorney General, for the State, submitted a brief; *Mr. L. A. Foot,* Assistant Attorney General, argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from a judgment entered on a verdict of a jury in Pondera county finding defendant guilty of a violation of the statute prohibiting the sale of intoxicating liquors in Montana.

Query: Is the county attorney of a county authorized to appoint a deputy to serve without compensation; and, if so, [1] may such deputy legally act in the name of his principal in the filing of informations and the prosecution of criminal cases?

The record in this appeal is silent as to the classification of Pondera county. However, we do not deem such showing essential to a determination of the questions presented.

It appears that one Frank B. Walkup was on April 16, 1923, the duly elected, qualified and acting county attorney of Pondera county, and that, having become sick, on the date mentioned he filed in the office of the county clerk an appointment in writing of one R. M. Hattersley, as deputy county attorney to

act without pay.  Accompanying such appointment was also filed the oath of office of R. M. Hattersley, as such deputy county attorney.  The defendant was thereafter, on April 17, 1923, charged by information filed in the district court of Pondera county, with violation of the prohibition statutes of Montana, the information being in usual form, the charging part thereof being in the name of Frank B. Walkup, county attorney, signed and verified by R. M. Hattersley, ''Deputy County Attorney.''  Upon plea of not guilty entered, the defendant was tried before a jury, R. M. Hattersley acting as prosecutor under his appointment as deputy county attorney.

The questions presented on appeal were raised by motion to quash the information and in arrest of the judgment.

The statute provides that ''Every county and township officer, except county commissioner and justice of the peace, may appoint as many deputies as may be necessary for the faithful and prompt discharge of the duties of his office, but no compensation or salary must be allowed any deputy except as provided in this Code.''  (Sec. 4731, Rev. Codes, 1921.)  Further it is provided: ''All assistants, deputies, and other subordinate officers, whose appointments are not otherwise provided for, must be appointed by the officer or body to whom they are respectfully subordinate.''  (Sec. 420, Rev. Codes 1921.)  And when the number of deputies is not fixed by law the appointing power is limited by his discretion alone.  (*Id.*, sec. 421.)

However, it is the contention of counsel for appellant that a deputy county attorney may be appointed only upon authority granted by the board of county commissioners under the provisions of section 4880 of the Revised Codes of 1921.  In part that section reads: ''The whole number of deputies allowed the county attorney in counties of the first and second classes must not exceed one chief deputy, and one deputy; and in all other counties such deputies as may be allowed by the board of county commissioners, not to exceed one chief deputy and one deputy.''  Further it is provided by Chapter 82 of the

Laws of 1923, amendatory of section 4874 of the Revised Codes of 1921, that the compensation of deputy and assistant county officers shall be fixed by the board of county commissioners.

Counsel's argument is wholly without merit, as appears plain from a most casual reading of the statutes. The right of the principal to appoint deputies is not restricted by either section 4880 or 4874 of the Revised Codes. They relate alone to the payment of compensation to deputies appointed. So that, although the board of county commissioners of Pondera county did not authorize the appointment of Hattersley as deputy county attorney, and at the time of his appointment there was in effect a resolution of the board of county commissioners to the effect that no deputy officer should be appointed nor the salary of any deputy fixed without first obtaining authority from the board of county commissioners, yet the county attorney was not thus denied his right to appoint a deputy without compensation, as was done in this instance. The deputy was in our opinion legally appointed.

This brings us to a consideration of the deputy's authority. [2] The statute provides that a deputy shall possess all the powers and may perform all the duties "attached by law to the office of his principal. (Sec. 418, Rev. Codes 1921.) With this statutory reference alone we might with propriety conclude this decision, but it is thought best to make slight reference to leading authority. Professor Mechem says: "Where a public officer is authorized to appoint a deputy, the authority of that deputy, unless otherwise limited, is commensurate with that of the officer himself. * * * Any act, therefore, which the officer himself might do, his general deputy may do also." (Mechem on Public Offices and Officers, sec. 570; see, also, Throop on Public Officers, sec. 583; 18 C. J. 784.)

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and STARK concur.