# STATE v. E. E. HUDSON et al.

No. A-7105.   Opinion Filed July 20, 1929.
(279 Pac. 921.)

W. F. Pardoe, Co. Atty., and E. B. Hughes, Special Counsel, for the State.

Wallace & Wallace, R. K. Robertson, and Johnson & Jones, for defendants in error.

EDWARDS, P. J. Upon a question reserved by the state upon a judgment of the district court of Creek county, quashing and setting aside an indictment against defendants in error, the state appeals.

A brief history of the proceedings is as follows: In April, 1928, a grand jury in the district court of Creek county returned an indictment against defendants in error, charging them with conspiracy to defraud the state of Oklahoma and school district 16 of Creek county. The defendants in error were arraigned and filed a motion to quash and set aside the indictment. Prior to the indictment, in February, 1928, by order of the Governor in writing, attested by the secretary of state and under the great seal of the state, E. B. Hughes was appointed to conduct an examination in Creek county as follows:

"State of Oklahoma, Office of Governor.

"[Seal.]

"Oklahoma City, February 17, 1928.

"To whom it may concern:

"I hereby constitute and appoint E. B. Hughes, of Sapulpa, Oklahoma, as representative to conduct an investigation in Creek county, Oklahoma, relative to the official record and conduct of Oliver H. Akin, county superintendent of public instruction for said county, and to all allied or kindred matters growing out of or therefrom.

"I hereby authorize said E. B. Hughes to act as attorney for the state of Oklahoma to the full extent authorized by law in such cases.

"Henry S. Johnston, Governor.

"Attest: Graves Leeper, Secretary of State, by Una Lee Roberts, Assistant Secretary of State."

In March following a further order appointing E. B. Hughes to investigate the official action of all county officers of Creek county was made. The investigation was made, and the grand jury returned the indictment in this case against defendants in error here and various other indictments, which were signed by the county attorney and also by "E. B. Hughes, Special Counsel to the Governor."

The motion to quash challenges the sufficiency of the indictment on several grounds, among them that section 6, Comp. St. 1921, is unconstitutional, and that, the special counsel having failed to take the oath prescribed, his appearance before the grand jury was unauthorized, and the proceedings illegal and void.

We gather from the record that the reason of the court for quashing was on the theory that the statute under which the appointment of special counsel was made lis unconstitutional. We are reasonably familiar with the Constitution of this state, and know of no provision which would preclude the Legislature from enacting the law under which the Governor acted. This statute is section 6, Comp. St. 1921, as follows:

"The Governor shall have power to employ counsel to protect the rights or interests of the state in any action or proceeding, civil or criminal, which has been, or is about to be commenced, and the counsel so employed by him may, under the direction of the governor plead in

any cause, matter or proceeding in which the state is interested or a party, may prosecute offenses against the law of the state, and may institute and conduct proceedings before grand juries: Provided, that nothing herein contained shall limit the power of courts of record to appoint an attorney to prosecute criminal actions in such courts when the county attorney is disqualified or unable to act."

This statute was referred to in Viers v. State, 10 Okla. Cr. 28, 40, 134 Pac. 80, 86, where it was said:

"There are other provisions of our statute which may be invoked whenever required by the necessities of public justice. Under section 8056, Rev. Laws 1910 [section 6, C. O. S. 1921], the Governor is given the power to employ counsel to protect the rights or interests of the state in any action, civil or criminal, and the counsel so employed under the direction of the Governor may prosecute offenses against the laws of the state, and may institute and conduct proceedings before grand juries. Under section 8057, the Attorney General, when requested by the Governor or either branch of the Legislature, may appear for the state in the nisi prius courts and prosecute offenses against the laws of the state, but no such question arises in this case."

E. B. Hughes, under the authority of the order of the Governor, above set out, appeared before the grand jury and examined witnesses and assisted the grand jury in making its investigation. Before entering upon these duties, he did not take and file the constitutional oath. He did not supersede the county attorney, and so far as the record discloses the county attorney did not relinquish control of these cases, and the prosecution was carried on in the name and by the authority of the state. It is undisputed that the only compensation received by E. B. Hughes was from the state of Oklahoma, and that no private persons employed or paid him any compensation. This is not a case where an attorney appeared be-

fore the grand jury in examining witnesses, assuming to act as assistant county attorney without authority, as in the case of Hartgraves v. State, 5 Okla. Cr. 266, 114 Pac. 343, 33 L. R. A. (N. S.) 568, Ann. Cas. 1912D, 180, and Viers v. State, supra. Nor is it a case in which an attorney under limited authority to appear before the grand jury assumes to act in a matter beyond the scope of his authority, as in the case of State v. Maben, 5 Okla. Cr. 581, 114 Pac. 1122, and in the case of Childs v. State, 4 Okla. Cr. 474, 113 Pac. 545, 33 L. R. A. (N. S.) 563. The fact that the special counsel named in the order of the Governor did not take the constitutional oath, we think, is of no importance. Under the statute the designation by the Governor of an attorney to conduct the investigation is in the nature of the employment of counsel, and not appointment to an office; but, even if it should be held that counsel so employed should take the constitutional oath, the failure to do so would not be fatal, and the person named would be a de facto officer.

The Governor is the highest executive authority of the state, and the Legislature by the section of the statute referred to has delegated to him the power specified in the statute as a means of carrying out his executive functions conferred by section 8, art. 6, of the Constitution. The office of county attorney not being a constitutional office, and the Legislature having power to enlarge or diminish the powers of the office, we know of no reason why the power conferred by section 6, Comp. St. 1921, supra, is unconstitutional. Childs v. State, supra. We do not pass upon the sufficiency of the indictment upon any ground which may be raised by demurrer under section 2608, Comp. St. 1921.

Upon a consideration of the record and the statute applicable, we are of the opinion that the action of the

trial court in sustaining the motion to quash was erroneous. The death of the defendant Oliver H. Akin is shown; the case is abated as to him. As to the other defendants, the case is reversed and remanded, with instructions to the trial court to set aside its order sustaining the motion to quash, and for further proceedings in conformity to this opinion.

DAVENPORT and CHAPPELL, JJ., concur.