264 P.2d 679

GASPER v. DISTRICT COURT OF SEVENTH JUDICIAL DIST., IN AND FOR CANYON COUNTY et al.

No. 8061.

Supreme Court of Idaho.

Nov. 10, 1953.

Meek & Miller, Caldwell, for plaintiff.

Jones & Hicks, Boise, and Thomas Y. Gwilliam, Nampa, amici curiae.

C. Robert Yost, Pros. Atty., Caldwell, Arnold T. Beebe, Nampa, for defendants.

**TAYLOR, Justice.**

This is an original proceeding in prohibition. Based upon petitioner's affidavit, an alternative writ of prohibition was issued. The defendants have filed a motion to quash the alternative writ and return thereto. Attached to the return are certain affidavits and other documents intended to controvert the allegations of plaintiff's affidavit, or to establish facts relied upon by the defendants. Attorneys for two other parties, strangers to these proceedings, were allowed to appear as amici curiae upon petitions representing that said parties were indicted by the same grand jury which indicted the plaintiff herein, and desire to urge the same errors in the proceedings of

the grand jury which are urged by the plaintiff.

Petitioner has moved to strike the affidavits from the return upon the ground that they are not a proper part thereof, and also has filed an application for a trial either by referee or jury of the issues of fact raised by the plaintiff's application and defendants' return thereto. Counsel appearing amici curiae have demurred to the return and moved to strike it on ground that it is based upon affidavits and exhibits not a part of the record in prior proceedings.

These various motions are noticed only insofar as they affect, or are affected by, the decision herein.

It appears from plaintiff's affidavit that on the 31st day of July, 1953, a grand jury in session in Canyon County returned an indictment charging him with the crime of murder in the second degree. Plaintiff's counsel thereafter filed a motion to set aside the indictment. The motion was denied and plaintiff brought this proceeding challenging the jurisdiction of the district court to try him upon the indictment. As grounds of such challenge the plaintiff sets up various alleged errors in the proceedings of the grand jury, most of which were urged by him in the district court in his motion to set aside the indictment.

■ The office of the writ of prohibition is to arrest the proceedings of the lower court "when such proceedings are without or in excess of the jurisdiction of such" court. § 7–401, I.C. It is not available where there is "a plain, speedy and adequate remedy in the ordinary course of law." § 7–402, I.C. Prohibition is primarily concerned with jurisdiction, and is not available to review errors committed in the exercise of jurisdiction. Skeen v. District Court, 29 Idaho 331, 158 P. 1072; Fitts v. Superior Court, 4 Cal.2d 514, 51 P.2d 66, Annotation 102 A.L.R. 298; State ex rel. Sibbald v. Huntington, 1 Wash.2d 413, 96 P.2d 446; Olson v. District Court, 106 Utah 220, 147 P.2d 471; McFarland v. Superior Court, 88 Cal.App.2d 153, 198 P.2d 318

Even in cases where jurisdiction may be lacking or exceeded, prohibition will not ordinarily issue if another adequate remedy is available, such as review, § 7–202, I.C., or appeal. Pfirman v. Probate Court, 57 Idaho 304, 64 P.2d 849; Murphy v. McCarty, 69 Idaho 193, 204 P.2d 1014; Common School District No. 58 v. Lunden, 71 Idaho 486, 233 P.2d 806; 42 Am.Jur., Prohibition, § 22.

■ This court along with many others has held that appeal from a conviction in a criminal action ordinarily affords a plain, speedy and adequate remedy to correct errors in rulings of an inferior court on issues involving its jurisdiction. Thompson v. Adair, 36 Idaho 790, 214 P. 214; Kaseris v. Justice Court, 65 Idaho 347, 144 P.2d 469.

■ In Smith v. Young, 71 Idaho 31, 225 F.2d 466, 469, the applicant for prohibi-

tion urged that he should not be required to stand trial on a charge of violating an ordinance which he contended was unconstitutional and for that reason conferred no jurisdiction upon the police court to try him. After reviewing prior decisions of this court, we there said:

"There are no circumstances shown in the amended application for writ of prohibition that are exceptional nor is it shown that any present right of applicant will be jeopardized by requiring him to pursue his remedy by appeal or that any hardships exist in this case over and above those ordinarily borne by a defendant in a criminal prosecution."

This rule would seem to be applicable in this case and sufficient for the determination of these proceedings. It is conceded that the district court has jurisdiction in grand jury proceedings and to receive indictments and to proceed to trial thereon. Errors and irregularities in such proceedings do not oust the court of jurisdiction to proceed upon the indictment. The adverse ruling of the court on plaintiff's motion to set aside the indictment is subject to review by this court upon appeal from a judgment of conviction. State v. Roberts, 33 Idaho 30, 188 P. 895; People v. Minet, 296 N.Y. 315, 73 N.E.2d 529, 4 A.L.R.2d 386.

However, there is one ground urged in the motion to set aside the indictment which is not a statutory, § 19–1601, I.C., ground for such motion; namely, alleged errors in the court's charge to the grand jury. There may be some question as to whether the defendant in case of conviction might have such errors reviewed on appeal. For this reason and because there are other indictments depending on the decision herein, we will consider the issues presented. Olson v. District Court, 106 Utah 220, 147 P.2d 471; State ex rel. Porter v. District Court, 124 Mont. 249, 220 P.2d 1035.

■ First, plaintiff urges that the "indictment was not found endorsed and presented as prescribed in § 19–1401, I.C., in that said indictment is not endorsed 'a true bill' and the foreman signed no such endorsement." The statute referred to requires that an indictment "must be indorsed, a true bill, and the indorsement must be signed by the foreman of the grand jury." A copy of the indictment is attached to the plaintiff's affidavit. From this it appears that the words, "true bill" were placed thereon under the title of the court opposite the title of the cause. Thereafter follows the body of the indictment containing the name of the accused, the crime charged, the manner and date of its commission, and the date of the indictment. Below this appears the name of the foreman—presumably his signature—followed by his title as foreman of the grand jury. We think this is a sufficient and substantial compliance with the statute.

Section 19–1419, I.C., provides:

"No indictment is insufficient, nor can the trial, judgment, or other pro-

ceeding thereon, be affected, by reason of any defect or imperfection in matter of form, which does not tend to the prejudice of a substantial right of the defendant upon its merits."

The defect here is a matter of form which does not tend to prejudice any substantial right of the defendant. 27 Am.Jur., Indictments and Informations, §§ 41 and 42; 42 C.J.S., Indictments and Informations, § 61.

■ Plaintiff next urges that unauthorized persons were permitted to be present at sessions of the grand jury during the time his case was being investigated and while witnesses in his case were being interrogated. Section 19–1111, I.C., is in part as follows:

" * * * The prosecuting attorney of the county may at all times appear before the grand jury for the purpose of giving them information or advice relative to any matter cognizable by them, and may interrogate witnesses before them whenever they or he think it necessary, but no other person is permitted to be present during the sessions of the grand jury, except the members and witnesses actually under examination, and an interpreter, when necessary, and no person must be permitted to be present during the expressions of their opinions, or giving their votes upon any matter before them."

Complaint is made of the appearance of one Arnold Beebe, an attorney at law. In his affidavit plaintiff avers:

"That on the 19th day of June, 1953, the Prosecuting Attorney of Canyon County, Idaho, C. Robert Yost, by a letter informed the Clerk of the Board of County Commissioners of Canyon County that he had named Arnold Beebe as a Deputy Prosecutor pursuant to a conversation had with said Clerk, and on said 19th day of June, 1953, the Board of County Commissioners administered the oath and approved the bond of said Arnold Beebe, all of which appears from the minutes and records of the Board of County Commissioners of Canyon County.

"That the appointment of said Arnold Beebe as Deputy Prosecuting Attorney did not conform to the requirements of 31–2602, Idaho Code, in that no finding was made by such Board of County Commissioners, that such appointment was necessary for the proper conduct of the office of the Prosecuting Attorney.

"And said appointment was invalid for the further reason that the appointment was not filed in the office of the County Recorder as required by Section 31–2007, Idaho Code."

■ Exhibit seven, attached to the return, is a copy of the letter by the prosecut-

ing attorney naming Beebe as a deputy, with an endorsement thereon, "Approved June 19, 1953, C. M. Van Slyke, Chairman County Commissioners", and the certificate of the clerk and ex officio auditor and recorder, that the letter is on file in the office of the county recorder. It is thus made to appear that the deputy was duly appointed by the prosecuting attorney; that he took the oath of office and filed bond; that his appointment and bond were approved by the county commissioners; that his appointment was filed in the office of the county recorder; and that he entered upon the duties of the office. The only defect appearing is the failure of the board of commissioners to make and enter in its minutes a finding that the appointment was necessary for the proper conduct of the office of prosecuting attorney. For the purpose of this proceeding it may be presumed from the fact that the board approved the appointment and bond, it also found the necessity to exist. This is a collateral attack upon the appointment. Neither the deputy, the county, nor the board of commissioners is a party to these proceedings. As to the parties now before the bar, Beebe was at least a de facto deputy prosecuting attorney. State v. Corcoran, 7 Idaho 220, 61 P. 1034; State v. Brumfield, 104 Or. 506, 209 P. 120; State v. Crouch, 70 Mont. 551, 227 P. 818; State v. Hudson, 44 Okl.Cr. 1, 279 P. 921; State v. Phelps, 5 S.D. 480, 59 N.W. 471; State v. Ellenstein, 121 N.J.L. 304, 2 A.2d 454; 43 Am.Jur., Public Offi-

cers, §§ 481, 494, and 495. As such deputy he was clothed with the powers and duties of the office of prosecuting attorney, § 31-2008, I.C., including the right to appear before the grand jury under the same conditions and for the same purpose as his principal. State v. Taylor, 59 Idaho 724, 87 P.2d 454; State v. Crouch, 70 Mont. 551, 227 P. 818; McFarland v. Superior Court, 88 Cal.App.2d 153, 198 P.2d 318.

■ Plaintiff also alleges that certain stenographers were permitted to be present during proceedings of the grand jury and the consideration of the plaintiff's case. Upon the argument his counsel advised the court that he was unable to verify the assertion that any stenographer was present during the consideration of his case. In any event plaintiff makes no claim of prejudice. Assuming that a stenographer was present only for the purpose of taking testimony, and only during the time testimony was being taken, in the absence of prejudice such presence would not furnish ground to set aside the indictment. State v. Barber, 13 Idaho 65, 88 P. 418; 4 A.L.R. 2d 424, note § 21.

■ The foregoing defects and irregularities in the proceedings are of the character set forth in the statute as grounds for setting aside an indictment. § 19-1601, I.C. In § 19-1602, I.C., the legislature has said that if the defendant does not object to such defects by motion to set the indictment aside, he waives such objections. It is

hardly conceivable that the legislature would regard these defects as of such vital nature as to oust the court of jurisdiction, and yet declare them waived for failure to object. Nor do we think the legislature intended to confer jurisdiction by waiver, or to say that an absence or want of jurisdiction could be waived. The conclusion is that such defects do not involve the jurisdiction of the court, at least in such manner as to provide grounds for prohibition.

Finally plaintiff complains of the trial court's charge to the grand jury. In one portion of the charge the court advised the jury that a stenographer might be present for the purpose of taking notes, when needed, and that a deputy prosecuting attorney might be present. As we have already observed, the presence of a deputy prosecuting attorney is proper, and the presence of a stenographer for the taking of notes, where no prejudice results, is not sufficient ground to void an indictment.

■■■ By supplemental affidavit the plaintiff urges as error the following portion of the charge:

"As members of this grand jury you, in a sense, stand between the government and the defendant. It is your duty to see to it that indictments are returned against the guilty and not against the innocent.

"It is further your duty to see to it that the innocent are not compelled to go under public trial in open court before a trial jury unless you are satisfied beyond a reasonable doubt from the evidence from the government presents that the defendant is guilty. When you determine that, then you may return an indictment."

This part of the charge was not urged in the court below on the motion to quash the indictment. For this reason prohibition would be denied so far as this error is concerned. However, we observe that the charge complained of, though erroneous, is more favorable to one accused before a grand jury than would be a charge embodying the statute. Section 19–1107, I.C., is as follows:

"The grand jury ought to find an indictment when all the evidence before them, taken together, if unexplained or uncontradicted, would, in their judgment, warrant a conviction by a trial jury."

The charge as given calls for a greater degree of proof to justify an indictment than the statute requires.

■■■ Plaintiff also alleges that the charge to the grand jury was published in a newspaper of general circulation in the county, and that the publication of this last above quoted portion of the charge is highly prejudicial to him. Such conclusion appears to be purely of surmise and conjecture. The rights of the accused are otherwise amply protected. Where justi-

fied he may obtain a change of venue. Upon the trial he may exercise his various challenges to the panel or individual petit jurors. He may have instructions by the court on the presumption of innocence, burden of proof, reasonable doubt, and that the charge against him is neither evidence nor the basis of an inference of guilt.

The charge to the grand jury is general in nature; it does not bind or control the grand jurors as does the charge to a trial jury. The grand jury is the judge of the law and the fact, it is advised by the prosecuting attorney during the course of its proceedings, and that part of the proceedings when deliberating and voting upon an indictment is secret. §§ 19–1112, 19–1113, I.C. For these reasons, among others, it is generally held that in the absence of a showing of prejudice, errors in the charge to the grand jury do not invalidate an indictment. State v. Lawler, 221 Wis. 423, 267 N.W. 65, 105 A.L.R. 568 and annotation 575; State v. Ellenstein, 121 N.J.L. 304, 2 A.2d 454; Walker v. United States, 8 Cir., 93 F.2d 383.

Other decisions supporting the conclusion reached are: Rich v. Varian, 36 Idaho 355, 210 P. 1011; State v. Guthrie, 185 Wash. 464, 56 P.2d 160; State v. Rodman, 57 N.D. 230, 221 N.W. 25; 42 C.J.S., Indictments and Informations, § 208.

The alternative writ is quashed and prohibition denied.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.