Opinion of the Court—Morgan, J.

(March 24, 1891.)

# TERRITORY v. STAPLES.

[26 Pac. 166.]

GRAND JURY—SECTION 7640 OF THE REVISED STATUTES INTERPRETED—
WHO ALLOWED IN GRAND JURY ROOM.—The last clause of section·
7640 of the Revised Laws of Idaho which reads, "And no other
person must be permitted to be present during the expressions
of their opinion, or giving their votes upon any matter before
them," means no person, except members of the grand jury, and
does not refer to any member of the panel.

CHALLENGE TO GRAND JUROR—WHO ALLOWED TO BE PRESENT DURING
CONSIDERATION OF CHARGE.—In case a challenge to an individual
grand juror is allowed, he should not be present during the con-
sideration of the· charge as to which is challenged.

GRAND JUROR LIABLE TO CONTEMPT—DOES NOT AFFECT INDICTMENT.
If, notwithstanding the injunction, he is present, he is liable to
punishment for contempt, but the indictment should not be set
aside for that cause.

(Syllabus by the court.)

APPEAL from District Court, Custer County.

J. W. Daniels, for Appellant.

On the ground that said prejudiced jurors Gould, Finnell and
Watson were allowed to sit on the grand jury which found the
indictment against defendant the motion to set aside the in-
dictment should have been granted. (*State v. Olds,* 19 Or. 397,
24 Pac. 394.)

George H. Roberts, Attorney General, for Territory, filed no
brief.

MORGAN, J.—The defendant was indicted by the grand
jury of the third judicial district in and for the county of Cus-
ter, and charged with the crime of assault with intent to murder.
He had not been examined before a committing magistrate be-
fore indictment, and was not in custody. Upon being arraigned
upon the indictment on the tenth day of May, 1890, the defend-
ant moved the court to set aside the indictment for the reasons:
1. That Parley Gould, a member of the grand jury which found

the indictment, was also a witness against him before the grand jury; 2. That said Gould had expressed the opinion that said defendant was guilty of the crime charged; 3. That J. G. Finnell and Enos Watson, also members of the grand jury, had such prejudice against him (the defendant) that they could not act impartially. As evidence of these facts defendant filed his affidavit, stating that said Parley Gould had on the sixth day of May, 1890, used the following language to the defendant, to wit: "I want you to stay away from my premises and from around my house. You were down here, doing a lot of shooting, last night"—and filed the affidavit of Henry Edward Miller, showing that said Gould acted with the grand jury, cross-examined witnesses in the juryroom, and manifested his interest in the case in other ways. On the thirteenth day of May the said motion to set aside the indictment was heard by the court, and denied, to which ruling the defendant excepted. Thereafter, on the said thirteenth day of May, 1890, the defendant was placed upon trial for the offense charged, and, under the instructions of the court, was convicted of the crime of "assault upon the person of another with a deadly weapon," and judgment of the court entered thereon. From the said judgment the defendant takes an appeal to this court, and assigns for error, substantially as follows: 1. That the court erred in refusing to set aside the indictment because members of the said grand jury—J. G. Finnell, Enos Watson, and Parley Gould—were in such a state of mind in reference to this case and this defendant as would satisfy the court that they could not and did not act impartially and without prejudice to the substantial rights of the defendant; 2. That the said Parley Gould expressed the unqualified opinion that the defendant was guilty of the crime charged, in the following language, used on the sixth day of May, 1890, to defendant: "I want you to stay away from my premises, and from around my house. You were down here, doing a lot of shooting, last night." It is claimed by counsel that the court should have set aside the indictment under clauses 3 and 4 of section 7730 of the Revised Statutes of Idaho. Clause 3 is: "The indictment must be set aside when a person is permitted to be present during the session of the grand jury, and when the charge embraced in the indictment is under con-

sideration, except as provided in chapter 3, title 4." Clause 4
is: "When the defendant had not been held to answer before
the finding of the indictment on any ground which would have
been good ground for challenge either to the panel or to any in-
dividual grand juror." The reference to chapter 3, title 4, re-
fers to the latter clause of section 7640, which reads: "The dis-
trict attorney of the county may at all times appear before the
grand jury for the purpose of giving information or advice
relative to any matter cognizable by them, and may interrogate
witnesses before them whenever they or he thinks it necessary;
but no other person is permitted to be present during the ses-
sions of the grand jury, except the members and witnesses act-
ually under examination, and an interpreter, when necessary;
and no other person must be permitted to be present during
the expressions of their opinions, or giving their votes upon any
matter before them." This clause means no person except
members of the grand jury, and does not refer to members of
the panel. (*People v. Colby*, 54 Cal. 38.) It does not appear
whether the three grand jurors to whom objection is made
were present during the expressions of their opinions by the
grand jury, nor when giving their votes, and therefore we have
no evidence that there was any violation of the statute to which
the defendant could object. Upon examination of the words
spoken by the juror Gould, it will be seen that they do not con-
stitute an expression of an opinion that the defendant is guilty
of the crime charged. He says: "I want you to stay away from
my premises, and from around my house. You were down here,
doing a lot of shooting, last night." This is not an opinion
that defendant was guilty of the offense of "assault with intent
to murder," even if the same occurrence was meant, of which
there is no evidence. Section 7613 indicates what must be done
in case a challenge to an individual juror is allowed on the
ground that he is a witness, and has been served with process,
or bound by undertaking as such, if he has formed or expressed
an unqualified opinion or belief that defendant is guilty or not
guilty of the offense charged, or if a state of mind exists on his
part which satisfies the court that he cannot act impartially.
Then the juror cannot be present, or take part in the considera-
tion of such charge or the deliberations of the grand jury there-

on, but he still remains a member of the grand jury. If, notwithstanding the injunction of the court, he does take part, he is to be punished for contempt; but the indictment is not set aside for that cause. (*People v. Colby,* 54 Cal. 38; *People v. Hunter,* 54 Cal. 65.) Much of the argument in this case was had on the ground that the court erred in refusing a change of venue, but this point is not saved in the bill of exceptions, and is therefore not before the court. Judgment affirmed.

Sullivan, C. J., and Huston, J., concur.