(April 10, 1920.)

STATE, Respondent, v. CLAUDE H. ROBERTS, Appellant.

[188 Pac. 895.]

CRIMINAL LAW—PLEADING AND PRACTICE—INDICTMENTS AND INFORMATIONS—IMPANELING GRAND JURY.

1. The action of a trial judge in denying a motion to quash an indictment is reviewable.

2. A motion to set aside an indictment, if made at the time of arraignment, may be made for any cause which would have been good ground for challenge, either to the panel, or to an individual grand juror.

3. An irregularity in the procedure whereby a grand jury is summoned is not ground for quashing an indictment found by it unless prejudice is shown to have been thereby occasioned to the substantial rights of the accused, but where through failure to conform to the requirements of the law the grand jury acquires no legal existence, the indictment should be quashed, upon proper motion seasonably made.

4. A grand jury has no authority to inquire and present unless legally impaneled, and an indictment found by sixteen men, all or some of whom have been summoned by the sheriff without legal process authorizing and directing him to do so, is subject to motion to quash.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

---

4. As to legality of grand jury not selected in accordance with statute, see notes in 10 Ann. Cas. 964; Ann. Cas. 1918A, 1080.

Appellant was convicted of obtaining money under false pretenses. *Reversed.*

Barber & Davison, for Appellant.

"The general rule that the provisions of the law for drawing and summoning jurors are directory does not permit one to serve on a grand jury where his name was substituted by the sheriff for a name that was properly drawn from the jury-box." (*State v. Paramore,* 146 N. C. 604, 60 S. E. 502, and cases cited.)

"When the defendant has not been held to answer before the indictment, he may move to set it aside on any ground which would have been good ground for challenge either to the panel, or any individual grand juror." (*People v. Freeland,* 6 Cal. 96, 98; *People v. Beatty,* 14 Cal. 566, 571; *People v. Turner,* 39 Cal. 370, 376.)

"If a grand jury is not a legally organized body in accordance with the requirements of law, an indictment found by it will be of no force and will be quashed." (*Ex parte Farley,* 40 Fed. 66.)

"Where a person who is regularly drawn is falsely personated by another who has the same surname and is sworn and acts as a member, his conduct will be fatal to the organization of the grand jury." (*Nixon v. State,* 68 Ala. 535.)

"One of the essentials to a valid indictment is that it must be found by grand jurors, who are qualified to serve, and if it appears that one or more who have found an indictment were disqualified, the indictment so found will be vitiated, if objection thereto is made in due time. (*Crowley v. United States,* 194 U. S. 461, 24 Sup. Ct. 731, 48 L. ed. 1075, see, also, Rose's U. S. Notes; *United States v. Jones,* 31 Fed. 725.)

"The incompetence of one grand juror will vitiate the whole proceedings, no matter how many unexceptional jurors joined with him in finding the bill." (*State v. Kennedy,* 8 Rob. (La.) 590; *State v. Jones,* 8 Rob. (La.) 616; *Barney v. State,* 20 Miss. (12 Smedes & M.) 68; *State v. Parks,* 21 La. Ann. 251.)

"The court can acquire no jurisdiction under an indictment void by reason of the lack of legal integrity of the grand jury." (*Levy v. Wilson,* 69 Cal. 105, 10 Pac. 272.)

T. A. Walters, Former Attorney General, Roy L. Black, Attorney General, and James L. Boone, Assistant, for Respondent.

The fact that the name of one member of the grand jury was not on the poll list would not prejudice the rights of a defendant who had been indicted by such grand jury. (*Agnew v. United States,* 165 U. S. 36, 17 Sup. Ct. 235, 41 L. ed. 624, see, also, Rose's U. S. Notes; *Christopoulo v. United States,* 230 Fed. 788, 145 C. C. A. 98; *Breese v. United States,* 203 Fed. 824, 122 C. C. A. 142; *Cross v. State,* 63 Ala. 40; *Commonwealth v. Brown,* 147 Mass. 585, 9 Am. St. 736, and note, 18 N. E. 587, 1 L. R. A. 620; *State v. Cooley,* 72 Minn. 476, 71 Am. St. 502, 75 N. W. 729; *Hollars v. State,* 125 Md. 367, 93 Atl. 970; *State v. Froiseth,* 16 Minn. 313; *State v. Bleekley,* 18 Mo. 428; *Head v. State,* 44 Miss. 731; *State v. Jackson,* 77 N. H. 287, 90 Atl. 791; *State v. Lang,* 75 N. J. L. 502, 68 Atl. 210; affirmed in U. S. supreme court, *Lang v. State of New Jersey,* 209 U. S. 467, 28 Sup. Ct. 594, 52 L. ed. 894, see, also, Rose's U. S. Notes; *State v. Haywood,* 73 N. C. 437; *State v. Martin,* 82 N. C. 672; *State v. Wilcox,* 104 N. C. 847, 10 S. E. 453; *State v. Durham F. Co.,* 111 N. C. 658, 16 S. E. 231; *Huling v. State,* 17 Ohio St. 583; *State v. Lyles,* 79 S. C. 114, 60 S. E. 433; *State v. Krug,* 12 Wash. 288, 41 Pac. 126; *Kitts v. Superior Court of Nevada Co.,* 5 Cal. App. 462, 90 Pac. 977.)

Mere irregularities in the proceedings by which a grand juror gets on the panel do not affect the legality of its proceedings, if such juror is not personally disqualified. (*Commonwealth v. Brown,* 147 Mass. 585, 9 Am. St. 736, and note, 18 N. E. 587, 1 L. R. A. 620; *State v. Cooley,* 72 Minn. 476, 71 Am. St. 502, 75 N. W. 729; *United States v. Mitchell,* 136 Fed. 896.)

Defendant has not been injured in any way by reason of the refusal of the court to sustain his motion to quash the

indictment or his motion in arrest of judgment. " . . . . statutes regulating the manner of making jury lists and the selection and drawing of grand jurors are frequently held to be directory merely and not mandatory. . . . ." (20 Cyc. 1306; *United States v. Eagan,* 30 Fed. 608; *United States v. Nevin et al.,* 199 Fed. 831.)

"As quashing is a discretionary act, error does not lie on its refusal." (Wharton's Criminal Procedure, 10th ed., secs. 1314, 1315.)

"Our statute relating to the method of selecting members of the grand jury is directory and not mandatory." (Wharton's Crim. Procedure, 10th ed., sec. 1272.)

VARIAN, District Judge.—On March 25, 1915, appellant was indicted by the grand jury of Ada county for the crime of obtaining money under false pretenses. On April 12, 1915, a trial was had and resulted in a verdict of guilty. Judgment was pronounced May 4, 1915, and motion for a new trial made and overruled. Appellant appeals from the judgment and order overruling motion for a new trial.

Appellant contends that the grand jury that found the indictment in this action lacked legal integrity, first, because of the lack of legal residence of James G. Green, one of the grand jurors sworn, and, second, because of the unauthorized summoning of the said James G. Green, by the sheriff, upon a venire drafting "James Green."

The poll list of Ada county for the years 1912 and 1914 contains the name of "James M. Green," age 21, residing in Boise Precinct No. 1, and the name of "James Green" residing in said precinct. The name "James G. Green," age 60, residing in Boise Precinct No. 4, does not appear upon the poll list. James Green was drawn by the county commissioners and placed on the jury list. James G. Green's name does not appear on the jury list. James Green was drawn to serve on the grand jury and the sheriff summoned James G. Green, who qualified as a grand juror and served instead of James Green, who was drawn, was not summoned, and did not serve. On March 30, 1915, the date set for the

taking of the plea, defendant moved to quash the indictment upon the grounds that the grand jury was not drawn from the qualified electors of Ada county; that it was not composed of 16 qualified electors; that it was not composed of 16/ men chosen from the poll lists of the several precincts of Ada county, last returned to the board of county commissioners; that there was chosen as a member of such grand jury one James Green, a resident and elector of Ada county, but that instead of such James Green, one James G. Green, not being an elector of said county, and whose name was not on the poll list of any precinct of said county last returned as aforesaid, was by the sheriff of Ada county substituted for and in the place of James Green, elector as aforesaid; the said James G. Green and James Green being entirely different persons. A fifth ground to the motion was added charging prejudice of the grand jurors, but as no evidence was offered in support thereof, it is not necessary to make note of it. The motion to quash was denied, an exception allowed, and the proceedings thereon properly preserved by bill of exceptions, allowed by the trial judge. The same objections to the indictment were presented by motion in arrest of judgment, after verdict, denied by the court, and excepted to by the defendant.

The evidence taken in support of the motion to quash does not conclusively show that the grand juror, James' G. Green, at the date of the impaneling of the grand jury, lacked legal residence in Ada county. He had been a resident of Boise county for some years prior to February, 1914, but subsequent to that date had resided in Boise Precinct No. 4 of Ada county, although not on the poll list.

Counsel for respondent has cited authorities to the effect that it is in the discretion of the court to quash an indictment and that ordinarily its refusal to do so is not reviewable. Such does not seem to have been the practice in this court. (*People v. Butler*, 1 Ida. 231; *Territory v. Staples*, 3 Ida. 35, 26 Pac. 166.) In these cases the court reviewed the action of the lower court in denying motions to quash indictments.

The motion to quash in the case at bar is substantially what at common law is plea in abatement (*State v. Paramore et al.,* 146 N. C. 604, 60 S. E. 502), and the lower court seems to have so considered it. Testimony was taken orally as to the status of the grand juror, James G. Green, on the motion to quash.

It does not appear from the record that appellant had been held to answer prior to the finding of the indictment, and under the provisions of Rev. Codes, sec. 7730, paragraph 4 (C. S., sec. 8863), the motion to set aside the indictment, if made at the time of arraignment (as is the fact here) would lie upon any ground which would have been good ground for challenge, either to the panel or to any individual grand juror. A challenge to the juror, James G. Green, under the facts disclosed by the record should be sustained under Rev. Codes, sec. 7609, paragraph 1 (C. S., sec. 8773).

In general the mere irregularity in the procedure with regard to summoning of the grand jury by which an indictment is found is not ground for quashing it, unless prejudice has been shown to have been occasioned to the substantial rights of the defendant (22 Cyc. 419), but where the irregularity is such that the grand jury acquires no legal existence, the indictment should be quashed. (*In re Nicholls,* 5 N. J. L. 539.)

In this case the record shows that all of the preliminary requirements of the statute in regard to selecting the jury list, drawing a grand jury and issuing the venire to the sheriff have been substantially complied with by the proper officers. The sheriff in summoning the jurors, drawn pursuant to the court's order, did not in fact summon all of the persons whose names were certified to him as having been drawn as grand jurors. Instead of James Green, drawn as a grand juror, he summoned one James G. Green, who was not drawn as a grand juror and whose name did not appear on the jury list. James Green, as shown by the evidence, and James G. Green are different persons. James G. Green, not selected as a grand juror, was sworn as one of the 16 members of the grand jury. So the grand jury, as sworn, con-

sisted of 15 men legally drawn and summoned as grand jurors, and James G. Green, not drawn as a grand juror, and summoned by the sheriff without any authority. The statute requires that 16 persons shall constitute a grand jury. (Rev. Codes, sec. 3969; C. S., sec. 6546.) The grand jury as constituted in this case was not a legal grand jury.

An indictment found by a grand jury summoned by the sheriff without process will be quashed on motion. "A grand jury has no authority to inquire and present, unless legally impaneled. The sheriff is merely an executive officer; he executes the writs that are directed to him. They are his authority to act, and his guide and direction how to act. Without them he has no power. His authority to summon a grand jury arises only from the command of the precept. A jury summoned without it, is summoned altogether without legal right. Such a body is not a grand jury. It has no right to present, nor are its presentments sufficient to put the defendant on trial." (*In re Nicholls, supra.*)

In the Nicholls case the sheriff was unable to produce any authority for having summoned the grand jury and the indictment was quashed.

It is a good plea to an indictment that an absent grand juror, regularly drawn, is falsely personated by another person, who has the same surname, and who is sworn and acts as a member of the grand jury in the place of the absent juror. (*Nixon v. State,* 68 Ala. 535.)

The facts in the case of *State v. Paramore et al., supra,* were almost identical with those of the instant case.

"In this case, it appears that the sheriff substituted the name of William McLawhorn for that of Woodie McLawhorn. The name of the former was not on any scroll in box No. 1, and he was not drawn as a juror by the commissioners. The sheriff, under the circumstances of this case, had no authority of law for substituting the one person for the other as a juror, and his act in doing so was of course utterly void. William McLawhorn was not a duly qualified juror for the term of the court at which the bill of indictment was returned by the grand jury, and as he was selected

and served as a grand juror for that term, and at least presumably took part in finding the bill, the grand jury was not properly constituted. This is an exception to the general and almost universal rule that the provisions of the law for drawing and summoning jurors are directory. Here there is what has been called a positive disqualification of one of the jurors—indeed, William McLawhorn was not, and could not be, a grand juror, and the grand jury was, for that reason, illegally impaneled to serve as the accusing body in that court.'' (*State v. Paramore et al., supra.*)

Several other assignments of error were presented and argued to the court, but as the case must be reversed upon the grounds stated, it is unnecessary to consider them.

For the reasons we have noted the indictment was not well found and the motion to quash, having been interposed in apt time, should have been granted.

The judgment is reversed and the cause is remanded to the district court, with instructions to set aside the judgment of conviction and quash the indictment.

Morgan, C. J., and Rice, J., concur.