911 P.2d 1115

**STATE of Idaho, Plaintiff–Appellant,**

v.

**Jeffrey DALLING, Defendant–Respondent.**

**No. 21217.**

Supreme Court of Idaho,
Boise, November 1995 Term.

Feb. 21, 1996.

Alan G. Lance, Attorney General, Boise, Michael A. Henderson, Deputy Attorney General, Boise, for appellant. Michael A. Henderson argued.

Nevin, Kofoed & Herzfeld, Boise; and Westberg, McCabe & Collins, Boise, for respondent. Thomas J. McCabe argued.

McDEVITT, Chief Justice.

The State of Idaho appeals from an order of the district court dismissing an indictment against Respondent, Jeffrey Dalling (Dalling). The district court held that the indictment was invalid on the ground that the grand jury returned the indictment after the grand jury's term had expired.

## I.

### BACKGROUND AND FACTS

The grand jury in this case was convened on October 13, 1992 and served through May 6, 1993. The grand jury was officially discharged on May 7, 1993. Based on the information contained in the record, the grand jury met and returned indictments on March 23, 1993, April 8, 1993, April 22, 1993, and May 6, 1993. On May 6, 1993, with no pending cases or other business before it, the grand jury met and returned an indictment against Dalling. The indictment charged Dalling with the crime of lewd and lascivious conduct with a minor under the age of sixteen, pursuant to section 18–1508 of the Idaho Code. The district court accepted the indictment, and on May 10, 1993, Dalling was arraigned on the indictment.

Under Idaho Criminal Rule (I.C.R.) 6(j), now I.C.R. 6.8, a grand jury shall not serve for a period in excess of six (6) months, unless there is a specific order from the district court extending the grand jury's term. The grand jury in the present case served for approximately six months and three weeks. There is no dispute that the grand jury in this case violated the term restrictions of I.C.R. 6(j) by serving for a period longer than permitted by the rule. No term extension was requested by the parties, nor was an extension granted by the district court.

On February 2, 1994, Dalling filed a motion to dismiss the indictment. Dalling argued that the grand jury's issuance of the indictment against Dalling after the expiration of its term violated I.C.R. 6, section 2–216 of the Idaho Code, and Dalling's due process rights under the Idaho and United States Constitutions. Dalling also argued that the prosecutor knowingly permitted false and misleading evidence to be presented to the grand jury, impairing the independent fact-finding and charging functions of the grand jury.

On February 25, 1994, the district court granted Dalling's motion to dismiss as to Dalling's claim that the expiration of the grand jury's term rendered the indictment void. The district court concluded that because the term of the grand jury expired on April 13, 1993, the grand jury was without power to act and, therefore the indictment issued by the grand jury on May 6, 1993 was invalid. Also on February 25, 1994, the district court issued a separate decision and order denying Dalling's motion to dismiss based on the alleged improper testimony before the grand jury. The State appealed to this Court.

## II.

### THE INDICTMENT RETURNED BY THE GRAND JURY AFTER THE EXPIRATION OF ITS TERM IS INVALID.

The sole issue on appeal is whether an indictment returned by the grand jury after its term had expired is valid. The State

acknowledges that a grand jury may sit for a maximum period of six months under I.C.R. 6(j) and admits that the grand jury in this case violated this rule by sitting for longer than six months. However, despite the expiration of the grand jury's term under I.C.R. 6(j), the State argues that under the *de facto* officer doctrine, the grand jury retained the authority to return an indictment against Dalling. The State contends that the acts of *de facto* officers performed under color of authority are as valid as those of *de jure* officers. The State asserts that the legal defect of the expiration of the grand jury's term does not invalidate the official acts of the grand jury. We find the State's argument unpersuasive and conclude that the *de facto* officer doctrine does not apply to the present case.

Idaho has long recognized the existence of grand juries and their power to return indictments against the accused in felony cases. Idaho Const. art. I, § 8; *State v. Odiaga*, 125 Idaho 384, 389, 871 P.2d 801, 806, *cert. denied*, —— U.S. ——, ——, 115 S.Ct. 369, 377, 130 L.Ed.2d 321, 327 (1994); *State v. Edmonson*, 113 Idaho 230, 232, 743 P.2d 459, 461 (1987); *Carey v. State*, 91 Idaho 706, 710, 429 P.2d 836, 840 (1967); *State v. Ellington*, 4 Idaho 529, 533, 43 P. 60, 61 (1895). Yet, this Court has not addressed the issue of the validity of indictments returned by a grand jury whose term has expired, nor has this Court addressed the issue of whether the *de facto* officer doctrine applies in such a case.

The power of the courts over grand juries arises from the court's inherent power under the common law. *State v. Barber*, 13 Idaho 65, 79, 88 P. 418, 422 (1907). In *Barber*, the Court was faced with a constitutional challenge to the district court's order summoning the grand jury. *Id.* at 77, 88 P. at 421. Appellant argued that the grand jury was not summoned as required under article I, § 8 of the Idaho Constitution. *Id.* The Supreme Court upheld the district court's order, recognizing that "even if the constitution had been absolutely silent on the question of the summoning of a grand jury, courts would have the inherent power, under the common-law, to draw and summon such juries." *Id.* at 79, 88 P. at 422.

▆ Pursuant to its inherent powers, the Court adopted I.C.R. 6(j), which established specific requirements governing the duration of a grand jury's term. I.C.R. 6(j) provides that "[a] grand jury shall serve until discharged by the court but no grand jury shall serve more than six (6) months unless specifically ordered by the court which summoned the grand jury." Rule 6(j) further provides that the grand jury's tenure and powers are not affected by the beginning or expiration of a term of court. I.C.R. 6(j). This rule clearly and unambiguously restricts a grand jury's term of service to a maximum period of six months. The only exception to the mandate is where the district court specifically orders an extension of the term.

▆ The grand jurors in the present case were convened on October 13, 1992 and were vested with the authority to review cases and return indictments. Pursuant to I.C.R. 6(j), on April 13, 1993, the grand jury lost its legal status as a body empowered to act as a grand jury. There was no request for an extension of the term of the grand jury, nor was the term extended by the district court. Dalling's case was not the continuation of an investigation commenced prior to the expiration of the grand jury's term, but rather, Dalling's case was first presented to the grand jury three weeks after the expiration of its term, at which time the indictment against Dalling was returned. Upon the expiration of its term under I.C.R. 6(j), the grand jury no longer had the authority to meet and return indictments.

▆ The *de facto* officer doctrine does not apply to validate the indictments returned by a grand jury after its term has expired. A *de facto* officer is "one who actually assumes and exercises the duties of a public office under color of a known and authorized appointment or election, but who has failed to comply with all the requirements of the law prescribed as a precedent to the performance of the duties of the office." *State v. Whelan*, 103 Idaho 651, 655, 651 P.2d 916, 920 (1982). An officer who has a *de facto* status, performs the duties of the office under the color of right of an actual officer who is qualified in law to so act. *Id.* Generally, the *de facto* officer doctrine has been applied in the situation where an individual's authority to act has been challenged due to

some defect, error, or irregularity in the individual's appointment to the position. *E.g., State v. Bacon,* 117 Idaho 679, 682, 791 P.2d 429, 432 (1990); *Whelan,* 103 Idaho at 655, 651 P.2d at 920; *State v. Bell,* 84 Idaho 153, 160, 370 P.2d 508, 511–12 (1962); *Gasper v. District Court,* 74 Idaho 388, 394, 264 P.2d 679, 682 (1953); *O'Malley v. Parsons,* 59 Idaho 635, 641, 85 P.2d 739, 741 (1938); *State v. Wilson,* 41 Idaho 616, 628, 243 P. 359, 361 (1925).

However, in *State v. Roberts,* 33 Idaho 30, 188 P. 895 (1920), the Supreme Court did not apply the *de facto* officer doctrine and instead, adhered to a strict application of the requirements directing the formation of a grand jury. The *Roberts* Court held that where, due to an irregularity in the formation of a grand jury, the grand jury does not acquire a legal existence, the indictments returned by that grand jury should be dismissed. *Roberts,* 33 Idaho at 35, 188 P. at 896–97. In *Roberts,* a grand juror, who had not been drawn to serve on the grand jury, was summoned and empaneled on the grand jury. *Id.* at 33, 188 P. at 896. The grand jury returned an indictment against the appellant. *Id.* The Court concluded that because the grand juror at issue had not been drawn to serve, the grand jury consisted of only 15 legally drawn jurors and thus did not constitute a legal grand jury. *Id.* at 35–36, 188 P. at 897. Without a legally recognized existence, the Court held that the indictments returned by the grand jury were invalid. *Id.* at 36, 188 P. at 897.

 The grand jury in the present case was properly formed and convened. There was no defect, error, or irregularity in the filling of the grand jurors' positions, either at the commencement of the term or at its conclusion. The term of office expired, and thus, the offices and positions of the grand jurors ceased to sustain a legally recognized existence. The grand jurors were not acting as *de facto* officers when they returned Dalling's indictment. By continuing to meet and return indictments after the expiration of the term, the grand jurors were not filling a vacant office under color of authority. Rather, the grand jurors were acting without authority in the status of an office that no longer existed. The district court's motion to dismiss the indictment is affirmed.

## III.

## CONCLUSION

We conclude that under the clear and unambiguous terms of I.C.R. 6(j), the term of the grand jury expired six months after it was convened. The expiration of the grand jury's term, absent an order from the district court, divested the grand jury of the authority to meet, review evidence, and return indictments. The indictment returned by the grand jury against Dalling after the expiration of its term is dismissed.

JOHNSON, TROUT, and SILAK, JJ., and WESTON, J. Pro Tem, concur.