## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket no. 37394

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, April 2011 Term |
| | ) | |
| | ) | 2011 Opinion No. 50 |
| v. | ) | |
| | ) | Filed: April 20, 2011 |
| DANIEL FRANCIS LUTE, | ) | |
| | ) | Stephen W. Kenyon, Clerk |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

District court denial of ICR 35 motion to correct illegal sentence, reversed.

Daniel Francis Lute, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, for respondent.

_____

BURDICK, Justice

This case arises on appeal from the district court's denial of Daniel Lute's Idaho Criminal Rule 35 motion for correction of an illegal sentence. Lute argues that the grand jury that indicted him was acting without authority as its commission had expired and, therefore, the district court had no subject matter jurisdiction over his case and could not properly enter a Judgment of conviction. Lute further argues that the conviction underlying his sentence is for something that is not a crime in Idaho and, as such, any sentence given for such conduct is necessarily illegal. We reverse the district court's denial of Lute's I.C.R. 35 motion and remand with instructions to grant the motion and vacate Lute's conviction, consistent with this opinion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 6, 1993, a grand jury indicted Lute for the offense of "Battery with the Intent to Commit a Serious Felony", specifically "rape and/or kidnapping." Following his arraignment, Lute entered into a plea agreement with the State, under which Lute agreed to plead guilty and

1

the State agreed to amend the indictment to eliminate reference to "rape", with the resulting charge reading "Battery with the Intent to Commit a Serious Felony, [to wit], Kidnapping, I.C. § 18-911." The judge used handwritten strike throughs to amend the indictment, eliminating any reference to rape. A judgment of conviction was entered on August 17, 1993, sentencing Lute to five years fixed, to run concurrently with a sentence that Lute was already serving. The judgment did not specify which serious felony Lute intended to commit when he committed battery.

On August 30, 2007, approximately nine years after the expiration of Lute's sentence, Lute filed an I.C.R. 35 motion for correction or reduction of sentence. Lute complained that the records of the Idaho Department of Corrections showed that he had been convicted of a sex crime, and requested that the judgment be amended to eliminate this confusion. The district court granted Lute's request,[1] amending the judgment to read that Lute had been convicted for "Battery with Intent to Commit a Serious Felony, to wit, Kidnapping, I.C. §§ 18-903, 18-911."

On January 29, 2008, Lute filed a second I.C.R. 35 motion, arguing that his sentence was invalid because the crime he pled guilty to was not proscribed in the Idaho Code. Lute also argued that the district court was without subject matter jurisdiction or personal jurisdiction when it entered the judgment, because the term of the grand jury had already expired at the time he was indicted. The State acknowledged that the grand jury's term had expired at the time of Lute's indictment, but argued that the defect was not jurisdictional and was waived by Lute when he entered into a Rule 11 plea agreement and pled guilty to the amended indictment.

The district court denied Lute's January 29, 2008, motion, finding that a validly entered guilty plea rendered the procedural defects in the grand jury indictment harmless, and no jurisdictional defect existed. Lute appealed and the Court of Appeals affirmed. Lute filed a petition for review, which this Court granted.

## II. STANDARD OF REVIEW

When reviewing a case on petition for review from the Court of Appeals this Court gives due consideration to the decision reached by the Court of Appeals, but directly reviews the decision of the trial court. *State v. Clements*, 148 Idaho 82, 84, 218 P.3d 1143, 1145 (2009). Idaho Criminal Rule 35 allows a trial court to correct an illegal sentence at any time. *Id*. As a general matter, it is a question of law as to whether a sentence is illegal or was imposed in an

---

[1] It is unclear whether the district court amended the judgment on the basis of I.C.R. 35 or I.C.R. 36.

illegal fashion, and this Court exercises free review over questions of law. *Id.* Jurisdiction is likewise a question of law and is reviewed *de novo*. *State v. Barros*, 131 Idaho 379, 381, 957 P.2d 1095, 1097 (1998).

## III. ANALYSIS

The crux of this appeal is jurisdiction. We must determine whether the district court had subject matter jurisdiction to consider the charges filed against Lute when the grand jury that indicted him was acting without legal authority. If we find that the district court had subject matter jurisdiction over the case initially, then this Court must determine whether the district court had subject matter jurisdiction to grant the relief requested by Lute under his I.C.R. 35 motion where Lute attacked the conviction itself, not merely the sentence.

### A. Lute's appeal is not moot.

The State argues that Lute's appeal is moot because Lute brought his I.C.R. 35 motion over fourteen years after his five year sentence was entered, and that sentence was fully completed prior to his filing of the I.C.R. 35 motion. The State contends that I.C.R. 35 does not grant the district court authority to grant relief for a sentence that has been served in its entirety. Lute responds that it is well established under Idaho law that the completion of a sentence does not make a felony conviction moot.

"An issue becomes moot if it does not present a real and substantial controversy that is capable of being concluded through judicial decree of specific relief." *Koch v. Canyon Cnty.*, 145 Idaho 158, 163, 177 P.3d 372, 377 (2008) (quotation omitted). In *Butler v. State*, 129 Idaho 899, 901, 935 P.2d 162, 164 (1997), this Court held that "a felony conviction has collateral consequences and the fact that [an appellant] has fully served his sentence does not moot [that appellant's] appeal." *Abrogated on other grounds by Rhoades v. State*, 149 Idaho 130, __, 233 P.3d 61, 68 (2010). This is in line with the United States Supreme Court's statement that "a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Sibron v. New York*, 392 U.S. 40, 57 (1968). The State has offered no such showing here.

The State contends that I.C.R. 35 grants courts the limited jurisdictional power to consider whether a sentence is illegal, and where the sentence itself has been completed a court is powerless to take any meaningful corrective action under I.C.R. 35—as the appellant will not have his grievance addressed by any modification of that sentence. However, where there is a

3

jurisdictional defect, this court has authority to address that issue, even if it is not raised by the parties themselves. *State v. Kavajecz*, 139 Idaho 482, 483, 80 P.3d 1083, 1084 (2003). Furthermore, "[w]here it is apparent from the record that the act the defendant was criminally convicted for is not a crime according to the laws of the state, this Court has the authority to vacate the convictions *sua sponte . . . .*" *Id*. at 484, 80 P.3d at 1085.

"Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003). However, where a court properly has jurisdiction to consider a case—as it does here to consider Lute's I.C.R. 35 motion—and it is apparent that there is an issue concerning subject matter jurisdiction or that a defendant was convicted for something that is not a crime, this Court must correct that error. *See Kavajecz*, 139 Idaho at 483–84, 80 P.3d at 1084–85.

**B. The district court did not have jurisdiction to convict Lute when the grand jury that indicted him was acting without authority.**

Article I, section 8 of the Idaho Constitution states, *inter alia*, "[n]o person shall be held to answer for any felony or criminal offense of any grade, unless on presentment or indictment of a grand jury or on information of the public prosecutor . . . ." Under what was previously I.C.R. 6(j), and is now I.C.R. 6.8, "no grand jury shall serve more than six (6) months unless specifically ordered by the court which summoned the grand jury." "An indictment issued by a grand jury whose term is up and has not been validly extended is void . . . ." *United States v. Daniels*, 902 F.2d 1238, 1240 (7th Cir. 1990). As this Court stated in *State v. Urrabazo*:

> "Subject matter jurisdiction is the power to determine cases over a general type or class of dispute." *Bach v. Miller,* 144 Idaho 142, 145, 158 P.3d 305, 308 (2007). The source of this power comes from Article V, Section 20, of the Idaho Constitution, which provides that district courts "shall have original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law." This issue is so fundamental to the propriety of a court's actions, that subject matter jurisdiction can never be waived or consented to, and a court has a *sua sponte* duty to ensure that it has subject matter jurisdiction over a case. *See* Idaho R. Civ. P. 12(g)(4). Furthermore, judgments and orders made without subject matter jurisdiction are void and "are subject to collateral attack, and are not entitled to recognition in other states under the full faith and credit clause of the United States Constitution." *Sierra Life Ins. Co. v. Granata,* 99 Idaho 624, 626–27, 586 P.2d 1068, 1070–71 (1978). This Court exercises free review over questions of jurisdiction.

4

150 Idaho 158, __, 244 P.3d 1244, 1248–49 (2010) (internal citations omitted). "The information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court." *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004).

In *State v. Dalling*, a grand jury was convened on October 13, 1992, and that grand jury lost its legal status as a body empowered to act as a grand jury six months later, on April 13, 1993, in accordance with I.C.R. 6.8. 128 Idaho 203, 204–05, 911 P.2d 1115, 1116–17 (1996). Nevertheless, the grand jury continued to meet after April 13, and was not officially discharged until May 7, 1993. *Id*. at 204, 911 P.2d at 1116. On May 6, 1993—approximately three weeks after its lawful term had expired—the grand jury met and returned an indictment against Dalling. *Id*. Dalling moved for the indictment to be dismissed on the basis that the grand jury had no authority to act and, accordingly, the district court never properly had the case before it. *Id*. The district court granted Dalling's motion to dismiss, and on appeal this Court affirmed, finding that where the grand jury returned an indictment after its term had expired, that indictment was invalid. *Id*. at 205, 911 P.2d at 1117 ("Upon the expiration of its term under I.C.R. 6(j), the grand jury no longer had the authority to meet and return indictments."). Thus in *Dalling*, this Court recognized that where a grand jury does not have a legally recognized existence, any indictments that a grand jury returns are invalid.

The expired grand jury that entered an invalid indictment against Dalling was the same expired grand jury that entered an invalid indictment against Lute. In fact, the indictments against Dalling and Lute were entered on the same day. The State conceded below that the grand jury in this case did not have authority to indict Lute. On appeal, the State devotes much of its argument to the issue of a "defective indictment" and the effect of a guilty plea on "defects" in grand jury proceedings. However, there was no "defective" indictment in this case; rather there was no indictment under the law. Likewise, the group of citizens that issued the purported indictment was not a grand jury. As such, there was no defect in the grand jury process; rather there was no grand jury process at all.

As a valid indictment was never entered against Lute, the district court never had subject matter jurisdiction over Lute's case under Article I, section 8 of the Idaho Constitution. *See Rogers*, 140 Idaho at 228, 91 P.3d at 1132. Therefore, we reverse the district court's denial of Lute's I.C.R. 35 motion and remand with instructions to grant Lute's motion and vacate Lute's

5

conviction on the basis that the district court never properly had jurisdiction over the case. Having reversed on this issue, we decline to consider any other arguments raised by Lute.

## IV. CONCLUSION

We reverse the district court's denial of Lute's I.C.R. 35 motion, and remand with instructions to vacate Lute's conviction on the basis that no valid indictment or information was returned in the case and, as such, the district court never properly had jurisdiction to hear it.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**