IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39252

| STATE OF IDAHO, | ) | 2012 Unpublished Opinion No. 558 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 19, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| DANIEL FRANCIS LUTE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Ronald J. Wilper, District Judge.

Order denying motion to expunge Idaho Department of Correction's copy of presentence investigation report, <u>affirmed</u>.

Daniel Francis Lute, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.
_____

LANSING, Judge

Daniel Francis Lute appeals from the district court's denial of his motion seeking an order directing the Idaho Department of Correction (IDOC) to "expunge" records, including a presentence investigation report, retained by it as a result of Lute's prior conviction that has been vacated. We affirm.

In 1993 Lute pleaded guilty to battery with intent to commit a serious felony (kidnapping), Idaho Code § 18-911. A presentence investigation report (PSI) was prepared, and the district court imposed a five-year determinate sentence, to run concurrently with a sentence that Lute was already serving. In compliance with Idaho Code § 20-237, a copy of the PSI was forwarded to the IDOC. In 2011, the Idaho Supreme Court vacated Lute's conviction on the reasoning that the district court never had jurisdiction over the case because the indictment against him was entered by a grand jury whose term had expired. *State v. Lute*, 150 Idaho 837,

1

840-41, 252 P.3d 1255, 1258-59 (2011). In compliance with our Supreme Court's directive, the district court entered an order vacating the conviction.

On or about July 21, 2011, Lute[1] wrote a letter to the district court informing it that the IDOC continued to "illegally" use the PSI from his vacated battery conviction. Lute asked the court to order the IDOC to "expunge" its copy of the PSI. The district court treated the letter as a motion and, after giving notice to the Ada County Prosecutor, denied the request. Lute appeals.

Idaho Code § 20-237 requires that "a copy of the presentence investigation report, if any . . . shall be delivered into the custody of the director [of the IDOC] or his representative at the time of or prior to the delivery of the convicted person to the department." Thus, the IDOC properly acquired possession of Lutes's PSI. Whether a court may order the IDOC to surrender a PSI upon the defendant's conviction being vacated was answered by the Idaho Supreme Court in *State v. Moore*, 150 Idaho 17, 19-20, 244 P.3d 161, 163-64 (2010). There, after the defendant's conviction was vacated, he moved the district court to order the IDOC to return its copy of his PSI, which motion was denied. On appeal, our Supreme Court held that no statute authorized a court to demand the return of a PSI, and that in the absence of a statute limiting the period of time that the IDOC may retain its copy of a PSI, the judicial branch had no authority to dictate the record retention policies of an agency in the executive branch of our state government. *Id.* The Court affirmed the district court's ruling that it lacked authority to order the IDOC to return its copy of the PSI.

Regardless of how Lute couches his request, as one seeking expungement or return of the PSI, what he was seeking is a court order directing the IDOC to destroy its copy of his PSI or to return the IDOC's copy of the PSI to the court so that it can be destroyed. *Moore* controls as our Supreme Court held in that case that a district court has no authority to do so.[2]

The district court's order denying the motion is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**

---

[1] Lute apparently remains incarcerated on his other conviction.

[2] If, as Lute contends, the Commission of Pardons and Parole is unaware that his conviction was vacated, he can remedy this by sending the Commission a copy of the Supreme Court's decision and/or the district court's order vacating the judgment.