IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 48345/48346

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: April 14, 2022 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| RICHARD DRENNON, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge.

Order denying motions for judicial intervention, <u>affirmed</u>.

Richard Drennon, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

GRATTON, Judge

Richard Drennon appeals from the district court's denial of his motions for judicial intervention. For the reasons set forth below, we affirm.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Drennon was convicted of three counts of forgery and one count of grand theft in two separate cases; these convictions were affirmed by this Court on appeal. *State v. Drennon*, Docket Nos. 46110/46111 (Ct. App. Aug. 28, 2019) (unpublished). Drennon subsequently filed motions for judicial intervention in each case, requesting the district court order that the Idaho Department of Correction return his legal materials which Drennon alleged had been taken by prison officials. Drennon averred that he needed the materials to timely file post-conviction petitions in state and federal court. The State filed an objection arguing that the district court lacked jurisdiction to entertain the motions. At a hearing, Drennon's counsel acknowledged that Drennon would need

1

to file his petitions and seek return of the documents therein. The district court denied the motions, finding that it lacked jurisdiction to hear the motions "[e]ven if everything Mr. Drennon says in his petition is correct." Although initially premature, Drennon timely appeals.

## II.

## ANALYSIS

Drennon appeals, "[m]indful that the district court did not have jurisdiction to grant" the requested relief. Drennon concedes that the district court's finding that it lacked jurisdiction was supported by all relevant authority and that he is unaware of any authority that would extend the district court's jurisdiction in this case. Nonetheless, Drennon contends that the district court erred when it denied his motions.

Jurisdiction is "a question of law and is reviewed *de novo*." *State v. Lute*, 150 Idaho 837, 839, 252 P.3d 1255, 1257 (2011). "Absent a statute or rule extending its jurisdiction, the trial court's jurisdiction to amend or set aside a judgment expires once the judgment becomes final, either by expiration of the time for appeal or affirmance of the judgment on appeal." *State v. Jakoski*, 139 Idaho 352, 355, 79 P.3d 711, 714 (2003).

In this case, there was a final judgment after the affirmance of Drennon's convictions on appeal. Thereupon the district court's jurisdiction in these criminal cases expired as no statute or rule extends it to address the motions herein. The district court correctly concluded that it lacked jurisdiction to consider the motions. Drennon does not provide any argument or authority that contradicts the district court's finding. Therefore, we affirm the district court's order denying Drennon's motions for judicial intervention.

## III.

## CONCLUSION

The district court did not err in finding that it lacked jurisdiction to consider Drennon's motions for judicial intervention. Therefore, the district court's denial of Drennon's motions for judicial intervention is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

2