**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50293**

| | |
|---|---|
| STATE OF IDAHO,<br><br>        Plaintiff-Respondent,<br><br>v.<br><br>KURT ALLEN MOROZKO,<br><br>        Defendant-Appellant. | )<br>)  **Filed:  November 1, 2023**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentences, <u>affirmed</u>.

Kurt Allen Morozko, Eloy, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge Pro Tem

Kurt Allen Morozko appeals from an order of the district court denying his I.C.R. 35 motion for correction of illegal sentences. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

A jury found Morozko guilty of three counts of unlawful discharge of a firearm at an occupied building, I.C. § 18-3317, and two counts of possession of a controlled substance, I.C. § 37-2732. This Court affirmed Morozko's judgment of conviction and the denial of a subsequent pro se motion for new trial in separate, unpublished opinions. *State v. Morozko*, Docket No. 46689 (Ct. App. Sept. 28, 2020) (judgment of conviction); *State v. Morozko*, Docket No. 48710 (Ct. App. June 16, 2022) (motion for new trial). Morozko filed a pro se petition for post-conviction relief, asserting various allegations of discovery violations, evidence tampering,

1

prosecutorial misconduct, and ineffective assistance of counsel during the pretrial phase of the underlying criminal case. The State filed an answer and Morozko moved for summary disposition. After a hearing, the district court summarily dismissed Morozko's petition, concluding some claims alleged therein were or could have been litigated on direct appeal and others lacked sufficient evidentiary support. Morozko appealed and, in an unpublished opinion, this Court vacated the judgment dismissing Morozko's petition for post-conviction relief and remanded for further proceedings. *Morozko v. State*, Docket No. 49620 (Ct. App. Sept. 5, 2023).

In this case, Morozko filed an I.C.R. 35 motion for reduction of sentence, which the district court denied. Morozko appeals.

## II.

## STANDARD OF REVIEW

Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson*, 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993).

## III.

## ANALYSIS

Morozko argues that his sentences are illegal for three reasons: (1) the information in the underlying criminal case failed to include a necessary included offense and these are thereby not sufficient for jurisdictional or due process purposes, (2) the information was filed outside the "required sixth month time frame," and (3) Morozko was without assistance of counsel during critical stages of the criminal proceedings. In *State v. Clements*, 148 Idaho 82, 86, 218 P.3d 1143, 1147 (2009), the Idaho Supreme Court held that the term "illegal sentence" under Rule 35 is narrowly interpreted as a sentence that is illegal from the face of the record, i.e., does not involve significant questions of fact or require an evidentiary hearing. Rule 35 is a "narrow rule," and because an illegal sentence may be corrected at any time, the authority conferred by Rule 35 should be limited to uphold the finality of judgments. *State v. Farwell*, 144 Idaho 732, 735, 170 P.3d 397, 400 (2007). Rule 35 is not a vehicle designed to reexamine the facts underlying the case to determine whether a sentence is illegal; rather, the rule only applies to a narrow category of cases in which the sentence imposes a penalty that is simply not authorized by law or where new

2

evidence tends to show that the original sentence is excessive. *Clements*, 148 Idaho at 86, 218 P.3d at 1147.

The district court found that Morozko raises issues that are outside the bounds of a Rule 35 motion for correcting an illegal sentence. We agree. An illegal sentence is one that is illegal on its face. For example, a sentence is illegal when the sentence exceeds that which is permitted by law. Morozko does not make clear what sentence is unlawful. Rather, Morozko presents arguments that attack the constitutionality of the trial, conviction, and jurisdiction of the district court. These issues go beyond the scope of a Rule 35 illegal sentence motion. Even if the issues were focused on the legality of the sentencing, the arguments would fail. Morozko was found guilty of three counts of unlawful discharge of a firearm at an occupied building and two counts of possession of a controlled substance. The maximum sentence for unlawful discharge of a firearm is fifteen years. I.C. § 18-3317. The maximum sentence for possession of a controlled substance is seven years. I.C. § 37-2732(c). The district court sentenced Morozko within the statutory bounds of the crimes for which he was convicted. Therefore, his sentences are not illegal. Because the remaining issues raised by Morozko do not address the illegality of the sentences, this Court need not address these claims. However, because Morozko alleges that the district court lacked subject matter jurisdiction, we will briefly address those jurisdictional arguments.

First, Morozko argues that, because probable cause was not found for a charge of malicious injury to property as alleged in the information, the district court lacked subject matter jurisdiction as to the three counts of unlawful discharge of a firearm. The State initially charged Morozko with three counts of unlawful discharge of a firearm, one count of malicious injury to property, and two counts of possession of a controlled substance. The district court dismissed the charge of malicious injury to property after finding no probable cause. Morozko makes a conclusory statement that "the district court did not have jurisdiction" to impose his sentences based on *State v. Lute*, 150 Idaho 837, 252 P.3d 1255 (2011), without any analysis of *Lute*'s application here. In *Lute*, the Idaho Supreme Court, on appeal from denial of a Rule 35 motion asserting an illegal sentence, reversed the defendant's conviction based upon a lack of subject matter jurisdiction due to a grand jury indictment brought after the grand jury's lawful term had expired. Morozko argues lack of subject matter jurisdiction because a "necessary offense" (malicious injury to property) was not included in the information. Morozko provides no legal basis for this conclusory statement.

3

Morozko does not argue that he was sentenced on a charge of malicious injury to property. Rather, Morozko argues that his bond amount was set based on this charge which was later dismissed due to a lack of probable cause. The district court addressed this and noted that the bond was set pursuant to I.C.R. 46 factors. Morozko also argued during a hearing on this issue that malicious injury to property is a necessary element of unlawful discharge of a firearm. This is not the case. *See State v. Jones*, 140 Idaho 755, 757-58, 101 P.3d 699, 701-02 (2004) (stating that subject matter jurisdiction in a criminal case is conferred by the filing of an information, indictment, or complaint alleging an offense was committed in the State of Idaho). Because Morozko fails to cite any legal authority to support his claim that the trial court's subject matter jurisdiction was predicated on the inclusion of an alleged included offense or on the bond amount, his jurisdictional argument on this point fails.

Second, Morozko argues that, because the preliminary hearing was delayed, the information was filed more than six months after his arrest and thus the charges are invalid. However, Morozko's preliminary hearing was delayed because he was found incompetent and he waived his right to a speedy trial. This claim was addressed by this Court in an unpublished opinion as follows:

> Morozko acknowledged that the preliminary hearing was originally set for January 25, 2018, within the fourteen-day period, but was stayed to determine his competency. Morozko complained that a preliminary hearing should have occurred while his competency was being determined even though he was found incompetent for purposes of proceeding in his criminal case and was committed to the Idaho Department of Health and Welfare on April 3, 2018, for treatment to restore his competency. Consequently, he argued the information, which was filed in July 2018, was outside the six-month allowable timeframe. On appeal, Morozko additionally argues at length that the competency proceedings were illegal, based on false testimony and a ruse by the prosecutor to buy more time. These arguments were not made below and will not be considered on appeal. The district court correctly found that the preliminary hearing was originally scheduled within the fourteen-day period, the question of Morozko's competency at the time resulted in a stay of proceedings, and Morozko thereafter waived a timely preliminary hearing. In fact, a termination of commitment was filed June 15, 2018, and a preliminary hearing was set for June 28, which was within fourteen days of terminating Morozko's commitment. On June 22, 2018, Morozko's new counsel filed a motion to vacate the preliminary hearing and a "Waiver of Timely Preliminary Hearing." The preliminary hearing was thereafter held on July 19, 2018, and the information was filed on July 23, 2018. Trial occurred within six months, resulting in no speedy trial violation.

4

*State v. Morozko*, Docket No. 46689 (Ct. App. Sept. 28, 2020). Morozko's jurisdictional argument based on the timing of his preliminary hearing is without merit.

It appears Morozko also generally disagrees with the manner in which he was involuntarily committed and the process by which he was found to be incompetent. This argument is not properly raised in a Rule 35 motion, nor did any alleged deficiencies in the competency proceedings deprive the district court of jurisdiction in Morozko's underlying criminal case. Morozko has cited no authority to the contrary.

Finally, Morozko alleges that he was denied counsel during critical stages of the proceedings against him. This allegation also fails to allege a proper basis for Rule 35 relief based on an illegal sentence or raise a jurisdictional defect. Moreover, the record shows Morozko affirmatively chose to represent himself.

Morozko has failed to show that any of the issues raised by him would be relevant to his claim that the district court lacked jurisdiction or that the sentences imposed were illegal. Accordingly, we affirm the district court's order denying Rule 35 relief.

## IV.

## CONCLUSION

The district court's order denying Morozko's Rule 35 motion to correct illegal sentences is affirmed.

Chief Judge LORELLO and Judge HUSKEY, **CONCUR**.